UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE STEP2 COMPANY, LLC, | CASE NO. 5:08-cv-2580-SL |
| Plaintiff, | JUDGE SARA LIOI |
| vs. | |
| BRUCE THRUSH and PARALLAX GROUP INTERNATIONAL, LLC, | |
| Defendants. | |

## MOTION TO DISMISS OR TRANSFER

Defendants Bruce Thrush and Parallax Group International, LLC ("Parallax") (collectively, the "Defendants") move this Court for an order dismissing the first amended complaint of The Step2 Company, LLC ("Step2") on the grounds that: (1) Mr. Thrush is an indispensable party by virtue of his co-ownership of the patent-at-issue (US Patent No. D543764); (2) Mr. Thrush resides in California and has no independent connection with this forum; and (3) this court therefore lacks personal jurisdiction and venue over Mr. Thrush. In the alternative, the Defendants request that this case be transferred to the United States District Court for the Central District of California, where Step2 could maintain jurisdiction over both owners of the patent-at-issue. A memorandum in support is being filed herewith.

Respectfully submitted,

Dated: December 5, 2008

     /s/ David T. Movius
David T. Movius (0070132)
  dmovius@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, Ohio 44114
(216) 348-5400 (phone)
(216) 348-5474 (facsimile)

Of Counsel:

Robert D. Fish (Cal. Bar No. 149711)
  *rfish@fishIPlaw.com*
Mei Tsang (Cal. Bar No. 237959)
Josh Emory (Cal. Bar No. 247398)
FISH & ASSOCIATES, PC
2603 Main Street, Suite 1050
Irvine, CA 92614
(949) 253-0944 (phone)
(949) 253-9069 (facsimile)

*Attorneys for Defendants Bruce Thrush
and Parallax Group International, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE STEP2 COMPANY, LLC, | CASE NO. 5:08-cv-2580-SL |
| Plaintiff, | JUDGE SARA LIOI |
| vs. | |
| BRUCE THRUSH and PARALLAX GROUP INTERNATIONAL, LLC, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER**

Defendants Bruce Thrush and Parallax Group International, LLC ("Parallax") (collectively, the "Defendants") submit this memorandum in support of their motion for an order dismissing the first amended complaint of The Step2 Company, LLC ("Step2") or, in the alternative, transferring this case to the United States District Court for the Central District of California, where Step2 could maintain jurisdiction over both owners of the patent-at-issue.

**I.   Ownership Of The Patent-At-Issue**

The defendants, Mr. Thrush and Parallax, are co-owners in all right, title and interest in the patent-at-issue (U.S. Patent No. D543764). True and correct copies of the relevant assignments are attached as Exhibits A and B to the December 2, 2008 Declaration of Robert D. Fish (Fish Declaration, para. 3).

**II.  The Present Litigation**

Step2 filed its original complaint in this matter solely against Parallax. When Defendants (through counsel) advised Step2 (through its counsel) that Mr. Thrush was a co-owner of the patent-at-issue, Step2 merely named Mr. Thrush as a co-defendant along with Parallax. (Fish Declaration, para. 4). The parties have since traded emails in this matter, with Defendants

advising that Mr. Thrush is a necessary and indispensable party who has had no personal contacts with this forum and providing citations to support that position. (Fish Declaration, para. 5). Step2 nevertheless insists upon proceeding with the action in this forum.

### III. The Owner Of A Patent Is A Necessary And Indispensable Party

Rule 19 of the Federal Rules of Civil Procedure governs when a party must be joined in an action, including actions for declaratory judgment. *See* Fed. R. Civ. P. 57. *See also Hook v. Hook & Ackerman, Inc.*, 187 F.2d 52, 59 (3d Cir. 1951); *Suprex Corp. v. Lee Scientific, Inc.,* 660 F. Supp. 89, 93 (W.D. Pa. 1987) (patent owner necessary and indispensable in case that disputes the validity and enforcement of the patent).

Under Rule 19(a), a party must be joined in an action if: (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest related to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. Fed. R. Civ. P. 19(a).

Defendants need not address those factors individually because it is well settled in the Sixth Circuit that that all patent co-owners are indispensable parties under Rule 19 in suits for patent infringement. *See, e.g., Willingham v. Star Cutter Co.*, 555 F.2d 1340, 1343 (6th Cir. 1977); *Switzer Bros. Inc. v. Byrne*, 242 F.2d 909, 912 (6th Cir. 1957). Other courts are in accord. *See, e.g., Hurd v. Sheffield Steel Corp.*, 181 F.2d 269, 271 (8th Cir. 1950).

2

**IV.     This Court Does Not Have Jurisdiction Over Mr. Thrush**

In this case, this Court does not have personal jurisdiction over Mr. Thrush. Mr. Thrush has no personal contacts with the forum, and exercise of jurisdiction over him under those circumstances would violate due process.

Mr. Thrush resides in Orange County, California. He has never owned any property in Ohio, has not vacationed in Ohio, does not have personal friends in Ohio, has no office in Ohio, and is not registered as an individual to conduct business in Ohio, either under his own name or under any dba. (December 2, 2008 Declaration of Bruce Thrush, at para. 2-5). Except for passing through an Ohio airport, or flying over the state, or visiting Ohio briefly in his capacity as an officer of Parallax, Mr. Thrush has never even been to Ohio. Other than a 45 minute layover on a flight through Cincinnati, Mr. Thrush has never been in Ohio in his entire life. (Thrush Declaration, para. 6).

Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether the assertion of personal jurisdiction would violate due process. See *Genetic Implant*, 123 F.3d at 1458, 43 U.S.P.Q.2D (BNA) at 1788 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)). Because Ohio's long-arm statute is not coextensive with the limits of due process, Step2 must establish both for this court to maintain jurisdiction over Mr. Thursh. *See Hilderbrand v. Steck Manufacturing Co., Inc.,* 279 F.3d 1351, 1354 (Fed. Cir. 2002) (citing *Goldstein v. Christiansen,* 70 Ohio St. 3d 232, 238 n.1 (1994)).

Given the fact that Mr. Thrush has no <u>personal</u> connection with Ohio in any way, shape or form, the analysis is quite simple. There is no jurisdiction over Mr. Thrush as an individual.

3

V.     **The Current Action Must Be Dismissed Or Transferred To A Proper Jurisdiction**

If a party is deemed necessary under Rule 19(a), but cannot be joined because the party is not subject to process, the court must consider whether the party is indispensable and dismissal is appropriate under Rule 19(b). *Field v. Volkswagenwerk AG*, 626 F.2d 293 (3d Cir. 1980). In this case either course of action is appropriate. Mr. Thrush admits that jurisdiction over him as an individual is proper in the Central District of California.  (Thrush Declaration, para. 7).

VI.    **The Cases Cited By Step2 Are Inapplicable**

Defendants have kept an open mind about the jurisdictional issue, seeking from Step2 any evidence, or even a colorable argument, as to how this Court could have jurisdiction over Mr. Thrush. In response, Step2 provided an email response that identified no factual basis whatsoever to support its assertion of jurisdiction, and cited only two case references, both of which are inapplicable. (Fish Declaration, para. 6).

The first case cited by Step2 is *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266 (Fed. Cir. 1998). In that case, the Federal Circuit found jurisdiction over a corporate patent owner (CMFT) on the grounds that employee/agents of that company had entered the forum for licensing negotiations. *Id*. at 1268, 1270. We quote extensively from this case because *Dainippon Screen* established jurisdiction over a corporate patent holder based on activities of agents of the company. Nowhere did the Federal Circuit hold, or even intimate, that jurisdiction could be found over the agents, as individuals, by virtue of their actions in their official capacity for the company:

> The agents of the defendants who were involved in these [negotiations] … were either employed by or held positions at … CFMT…. At no point did any of these individuals seek to clarify with Dainippon that they were acting solely at the behest of [parent company] CFM. Moreover, the license agreement makes clear that the power to negotiate a sublicense or to instigate litigation rested

4

> with CFMT, not CFM. In view of CFMT's exclusive authority, it is inconsistent to attribute the actions of these individuals to CFM alone. We therefore conclude that [the activities within the forum] are attributable (at a minimum) to CFMT, and consider whether this fact warrants the conclusion that personal jurisdiction was proper over CFMT as a matter of law.

*Id.* at 270. The *Dainippon* opinion therefore does not support the exercise of personal jurisdiction over Mr. Thrush in this case.

The second case cited by Step2 is *Video Towne, Inc. v. RB-3 Assocs.*, 125 F.R.D. 457, 458 (S.D. Ohio 1988). In that case plaintiff sought leave to amend the complaint to name individual persons as defendants, on the grounds that such individuals were indispensable parties to a breach of contract agreement. The Sixth Circuit affirmed the district court's granting of leave to amend, even though doing so would deprive the district court of diversity jurisdiction. As should be obvious, *Video Towne* provides no support whatsoever for Step2's position regarding jurisdiction. The case is entirely irrelevant.

## VII. Corporate Shield Doctrine

It is true that the Sixth Circuit has significantly eroded the fiduciary shield doctrine, holding that,

> where an out-of-state agent is actively and personally involved in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; *i.e.*, whether she purposely availed herself of the forum and the reasonably foreseeable consequences of that availment.

*Balance Dynamics Corp. v. Schmitt Indust., Inc.*, 204 F.3d 683, 698 (6th Cir. 2000). That case, however, is inapplicable here. The present case is a declaratory judgment action, in which Defendants are not being accused of taking any action that could establish a basis for jurisdiction. Instead, Step2 is suing for declaratory judgment that a patent is invalid, and that Step2 is not infringing.

5

In other words, the only actions of relevance in our case is what Step2 has done, not what Mr. Thrush has done. Thus, there is no jurisdiction over Mr. Thrush by virtue of any association he may have had with Ohio – because he has not had any such personal association with the forum. And there cannot be any jurisdiction over Mr. Thrush under the Sixth Circuit's easing of the fiduciary shield doctrine for the very same reason – Mr. Thrush has done nothing as an individual to purposely avail himself of the forum, and cannot reasonably have foreseen that he would be hauled into court in Ohio. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

**VIII.  Rule 11 Sanctions**

Defendants have an exceptionally good case for sanctions. It is apparent that Step2 knew of the assignment when it filed its first amended complaint, because opposing counsel had advised them of same. And in response to queries about any possible justification for maintaining the action, Step2 and its counsel could not provide even one shred of evidence to support their position. In attempting to justify their position through case law, Step2 and its counsel blatantly overstated the holding of the *Dianippon* case and cited another case that was completely irrelevant.

That head-in-the-sand intransigence on the part of Step2 and its counsel was reiterated in a telephone conversation with Defendants' counsel, Mr. Movius, and again in a telephone conversation a few weeks later with Mr. Fish. (December 5, 2008 Declaration of David Movius, para. 2-3; Fish Declaration, para. 7).

The bottom line is that Step2 and its counsel proceeded with the lawsuit without having done any due diligence that gave them even a colorable basis for establishing jurisdiction over

6

Mr. Thrush. At this stage, the Defendants are not seeking Rule 11 sanctions, pending review of Step2's opposition to this motion to dismiss or transfer. However, Step2 and its counsel are hereby placed on notice that the Defendants may well pursue such sanctions.

### IX. Conclusion

This court has no personal jurisdiction over defendant Bruce Thrush. The case must be dismissed, or transferred to a forum in which venue in which such jurisdiction exists.

Respectfully submitted,

Dated: December 5, 2008

     /s/ David T. Movius
David T. Movius (0070132)
   dmovius@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, Ohio 44114
(216) 348-5400 (phone)
(216) 348-5474 (facsimile)

Of Counsel:

Robert D. Fish (Cal. Bar No. 149711)
   rfish@fishIPlaw.com
Mei Tsang (Cal. Bar No. 237959)
Josh Emory (Cal. Bar No. 247398)
FISH & ASSOCIATES, PC
2603 Main Street, Suite 1050
Irvine, CA 92614
(949) 253-0944 (phone)
(949) 253-9069 (facsimile)

*Attorneys for Defendants Bruce Thrush and Parallax Group International, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of foregoing *Motion to Dismiss or Transfer* and *Memorandum in Support* was electronically served using the Court's Electronic Case Filing (ECF) system on December 5, 2008, and the parties have been served by electronic notice through the Court's ECF system.

      /s/ David T. Movius
*One of the Attorneys for Defendants Bruce Thrush and Parallax Group International, LLC*